IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:21-cv-00169__

CHINEDU M. EKUKINAM,

    Plaintiff,

v.

LAW OFFICES OF VINCENT J. BUZEK, LLC,

    Defendants.

## COMPLAINT

NOW comes CHINEDU M. EKUKINAM ("Plaintiff"), by and through the undersigned, complaining as to the conduct of LAW OFFICE OF VINCENT J. BUZEK, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, against Defendant for its unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

1

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Kansas City, Missouri.

5. Defendant is a debt collection law firm who identifies itself as a debt collector and who regularly collects upon debts owed to others and whose principal purpose is the collection of debts. Defendant is a limited liability company organized under the laws of the state of Colorado with its principal place of business located at 2 Garden Center, Suite 305, Broomfield, Colorado.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a debt ("subject debt") Plaintiff is alleged to owe CereScan stemming from services Plaintiff received from CereScan.

8. On or about December 10, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

9. This collection letter was the first communication Plaintiff received from Defendant in connection with the subject debt.

10. Defendant's collection letter reflected that the "Balance Due" is $3,539.26.

11. Plaintiff became confused and emotionally distressed by Defendant's collection letter and its demand for payment on the subject debt, as the subject debt had been previously addressed and Plaintiff had no remaining obligation on the subject debt.

12. As a result of the confusion and concern, Plaintiff spent time addressing Defendant's conduct, including spending time contacting CereScan, who confirmed that Plaintiff had no balance remaining on the subject debt.

13. Plaintiff was concerned and confused by Defendant's collection letter, as he was falsely, deceptively, and misleadingly led to believe that he owes the subject debt, when in fact he does not.

14. Defendant's collection letter harassingly, falsely, deceptively, misleadingly, and unfairly attempted to collect a debt from Plaintiff, despite Plaintiff's complete lack of obligation in connection with the debt serving as the basis of Defendant's collection efforts.

15. Defendant's collection letter further states that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (emphasis in original).

16. However, even if the debt were valid, Defendant's collection letter deceptively and misleadingly references the "late charges" that could "vary day to day" in connection with the subject debt.

17. Upon information and belief, because the subject debt is medical in nature, and because any agreement creating the subject debt would not have allowed for late charges to be added, Defendant's suggestion that the subject debt could increase on a day to day basis due to late charges was inherently deceptive and misleading.

18. As a result of Defendant's representations, Plaintiff was led to believe he was being sought after for additional late fees in connection with the subject debt, when in fact such late fees would not have come to pass.

19. Upon information and belief, Defendant's deceptive and misleading language regarding late charges was included in its collection letter in a blanket effort to provide Plaintiff with the "safe harbor" language courts have approved of in situations where debt collectors attempt to collect upon variable debts.

20. However, Defendant's choice to blindly follow such language, without considering how, under the circumstances, such language was false, deceptive, and misleading, underscores the deceptive and misleading nature of Defendant's collection letter.

21. As a result of Defendant's representations, Plaintiff was led to believe that the subject debt, already improperly increased due to the inclusion of interest which ceased to accrue upon Plaintiff's satisfaction of the subject debt, could continue to increase due to illusory charges other than interest or the broadly defined other charges.

22. Furthermore, Defendant's collection letter fails to adequately articulate the creditor to whom the subject debt was owed at the time Defendant sent the collection letter.

23. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the collection letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." See 15 U.S.C. § 1692g(a)(2).

24. However, the collection letter does not clearly identify the name of the creditor to whom the subject debt is owed.

25. Although the Letter identifies CereScan as the "original creditor," the Letter fails to identify the current creditor or otherwise clearly identify the creditor to whom the subject debt was owed.

26. Although Plaintiff could ascertain that the letter was in reference to a CereScan debt, Plaintiff was left with an impermissible amount of guesswork as to CereScan was the creditor to whom the debt was owed, especially considering that Defendant explicitly refers to CereScan as the "original creditor" rather than "current" creditor.

27. As a result of Plaintiff's emotional distress, frustration, agitation, concern, and confusion surrounding Defendants' collection efforts, Plaintiff expended significant time addressing Defendant's conduct, including consulting with attorneys.

28. Plaintiff has been unfairly and unnecessarily harassed, misled, and treated unfairly as a result of Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, lost time stemming from being subjected to unnecessary collection efforts, being deceived in a manner which materially impacted his ability to chart an intelligent course of conduct in response to Defendant's collection efforts, as well as a violation of his state and federally protected interest to be free from harassing, deceptive, and unfair collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant is further a business whose principal purpose is the collection of debts.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Defendant violated § 1692d through the nature of its collection efforts directed towards Plaintiff. Despite Plaintiff having no obligation on the subject debt, Defendant attempted to collect the subject debt from Plaintiff. Subjecting an innocent consumer to collection efforts on a debt he does not owe is inherently conduct which would have the natural consequence of harassing, oppressing, and abusing any person, and Plaintiff was in fact harassed, oppressed, and abused via Defendant's efforts to collect a debt from Plaintiff which he does not owe.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §§ 1692e, e(2), and e(10) when it attempted to collect from Plaintiff a debt which he does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt in the collection letter, even though Plaintiff had no obligation on the subject debt. As a result of Defendant's conduct, Plaintiff suffered, inter alia, emotional distress believing he owed a debt which he did not owe, as well as being forced to waste time addressing Defendant's deceptive conduct. One of the core purposes of the FDCPA is prevent and restrain debt collectors from attempting to collect debts which have already been paid, underscoring how Defendant harmed Plaintiff's interests protected under the FDCPA.

6

39. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representation that the subject debt could have accrued late charges that may vary day to day. Because the subject debt could not increase due to late charges, Defendant's representations to the contrary were inherently false, deceptive, and misleading under the FDCPA. Defendant's false, deceptive, and misleading representations misled and deceived Plaintiff into believing that the subject debt, for which he was being actively sought by Defendant despite his lack of obligation, may be imminently increased by varying late charges, when the only variance potentially attributable to the subject debt was interest or other charges. Defendant cannot immunize itself from liability by blindly copying and pasting the Miller safe harbor language without regard for whether that language is accurate under the circumstances. *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 371 (7th Cir. 2018).

40. Defendant also violated §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the collection letter. Defendant's collection letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's articulation gives rise to multiple reasonable interpretations, at least one of which would be inaccurate, underscoring the deceptive and misleading nature of its articulation of the creditor to whom the subject debt was owed.

   c. **Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

7

42. Defendant violated §§ 1692f and f(1) when it attempted to collect the subject debt from Plaintiff. Defendant unfairly roped Plaintiff into its collection campaign, despite Plaintiff having no remaining obligation in connection with the subject debt.

### d.  Violations of FDCPA § 1692g

43. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which identifies "the name of the creditor to whom the debt is owed." Further, pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

44. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the collection letter identify who the current creditor is. Instead, Defendant's collection letter imputes an impermissible amount of guesswork on the part of Plaintiff, as Plaintiff was left guessing as to whether Defendant or CereScan was the creditor to whom the subject debt was owed at the time the collection letter was sent.

WHEREFORE, Plaintiff, CHINEDU M. EKUKINAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 19, 2021                                   Respectfully submitted,

s/ Nathan C. Volheim                                      s/Eric D. Coleman
*Nathan C. Volheim*                                       *Eric D. Coleman*
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 575-8181 x. 105 (phone)
nvolheim@sulaimanlaw.com                                  ecoleman@sulaimanlaw.com
Attorney for Plaintiffs                                   Attorney for Plaintiffs